```
 1  E. MARTIN ESTRADA
    United States Attorney
 2  MACK E. JENKINS
    Assistant United States Attorney
 3  Chief, Criminal Division
    JAMES C. HUGHES (Cal. Bar No. 263878)
 4  Assistant United States Attorney
    Major Frauds Section
 5       1100 United States Courthouse
         312 North Spring Street
 6       Los Angeles, California 90012
         Telephone: (213) 894-2579
 7       E-mail:    James.Hughes2@usdoj.gov

 8  GLENN S. LEON
    Chief, Fraud Section
 9  Criminal Division, U.S. Department of Justice
    THEODORE M. KNELLER (D.C. Bar No. 978680)
10  Trial Attorney, Fraud Section
    Criminal Division, U.S. Department of Justice
11       1400 New York Avenue, NW
         Washington, DC 20005
12       Telephone: (202) 514-5799
         E-mail:    Theodore.Kneller@usdoj.gov
13
    Attorneys for Plaintiff
14  UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>        v.<br><br>VINCENT ANTHONY MAZZOTTA, JR.,<br><br>             Defendant. | Case No. 2:22-CR-276-DSF(A)-2<br><br>**STIPULATION FOR ORDER AUTHORIZING INTERLOCUTORY SALE OF REAL PROPERTY**<br><br>*Proposed Order Lodged Concurrently* |
|---|---|

It is hereby stipulated by and between the United States of America (the "government") and defendant VINCENT ANTHONY MAZZOTTA, JR. ("defendant" or "Titleholder"), by and through their respective attorneys of record, as follows:

1.  The parties hereto desire to sell the real property located at 6075 Rodgerton Drive, Los Angeles, California 90068 with

1 Assessor Parcel Number 5583-003-013 (the "Subject Real Property"),
2 described more particularly in **Exhibit A** of this Stipulation for
3 fair market value, and agree that the net proceeds of the sale, if
4 any, be substituted for the Subject Real Property as a substitute
5 <u>res</u> in this action. The Subject Real Property is one of the assets
6 identified in the First Superseding Indictment (Dkt. 101) as being
7 subject to forfeiture.

8     2.    Pursuant to Federal Rule of Criminal Procedure 32.2(b)(7)
9 and Supplemental Rule G(7)(b)(iii) of the Federal Rules of Civil
10 Procedure, the parties hereto agree that the procedures set forth in
11 28 U.S.C. §§ 2001, 2002, and 2004 (providing for public sale of
12 property under court control) are not likely to yield the highest
13 price for the Subject Real Property, and instead recommend that the
14 Court enter the proposed order concurrently lodged with this
15 stipulation ordering an interlocutory sale according to the terms
16 described herein.

17     3.    With respect to the Subject Real Property:
18     a.    The Subject Real Property is titled in the name of
19 Vincent Anthony Mazzotta, Jr., an unmarried man.
20     b.    Mortgage Electronic Registration Systems, Inc.,
21 solely as nominee for Vista Point Mortgage, LLC dba NextUs Lending
22 (or their assigns), holds a secured interest in the Subject Real
23 Property, evidenced by a deed of trust recorded as Instrument No.
24 20210777113, on or about May 14, 2021, in the Official Records of
25 Los Angeles County.
26     c.    Unlock Partnership Solutions, Inc., (or their
27 assigns), holds a secured interest in the Subject Real Property,
28 evidenced by a performance deed of trust recorded as Instrument No.

20230560704, on or about August 16, 2023, in the Official Records of Los Angeles County.

4. Within sixty (60) days of the entry of an Order for Interlocutory Sale, the Titleholder will enter into a contract to retain a real estate broker licensed by the State of California ("Licensed Broker") to sell the Subject Real Property for a price to be agreed upon by the parties hereto.

5. In connection with the sale of the Subject Real Property, the parties hereto shall agree on a licensed and qualified escrow agent ("Realty Escrow Agent"). The Titleholder shall enter into a contract with the Realty Escrow Agent on terms approved by the government. The Realty Escrow Agent shall be required to carry insurance sufficient to indemnify the United States and the Titleholder as named insureds for any and all losses including, but not limited to professional liability, fidelity, and errors and omissions for all funds accepted by the Realty Escrow Agent. The Realty Escrow Agent's contract shall also prohibit the Realty Escrow Agent from disbursing any funds relating to or derived from the sale of the Subject Real Property unless explicitly authorized by (a) Paragraph 10 of this Stipulation, or (b) a writing signed by undersigned counsel for the parties hereto. Any and all proceeds from the sale of the real property shall be disposed of in accordance with the terms set out in Paragraph 10, below.

6. Not later than three days prior to the anticipated close of escrow, the government shall deliver to the escrow agent a conditional withdrawal of its *lis pendens* recorded against the subject real property. The conditional withdrawal shall be recorded only if the terms of this agreement have been completely satisfied.

7. If after ninety (90) days from the entry of the Order for Interlocutory Sale, the Subject Real Property has not been sold, the parties hereto shall meet and confer regarding the Titleholder's progress in marketing and selling the Subject Real Property, and, if necessary, schedule a status conference with the Court to review these issues.

8. Until the Subject Real Property is sold and escrow on such sale is closed, the Titleholder shall not take any action to affect adversely the condition or marketability of the Subject Real Property, and will maintain the property in substantially the same condition as it is on the date the Order for Interlocutory Sale is entered. The Titleholder shall not pledge or otherwise encumber the Subject Real Property, and shall maintain appropriate policies of insurance on the Subject Real Property, including policies covering potential liability for personal injury or property damage occurring on or around the Subject Real Property.

9. Within thirty (30) days of the entry of the Order for Interlocutory Sale, the Titleholder shall cause the government to be added as a named insured on all such policies. All costs of maintenance and repair of the Subject Real Property prior to its sale shall be borne by the Titleholder, who also shall ensure that all property and other taxes are paid when due. The Titleholder shall not commit waste of the Subject Real Property, or permit the Subject Real Property to be used or occupied in any manner that is likely to diminish its value or invalidate any insurance policy on the property. The Titleholder shall promptly provide to government counsel or their designee proof of payment of any federal, state, or local taxes upon request.

10. The proceeds of the sale of the Subject Real Property shall be distributed as follows:

 a. First, payment of all outstanding real property taxes to the Los Angeles County Treasurer-Tax Collector to the date of closing of escrow;

 b. Second, all costs and expenses of the sale, including but not limited to, any fees or costs provided for in the escrow instructions for the sale of the Subject Real Property;

 c. Third, to the extent funds remain, payment of all outstanding secured liens on the Subject Real Property, in order of priority;

 d. Fourth, to the extent funds remain ("Net Proceeds"), the parties hereto agree that the Net Proceeds shall constitute the substitute res in place of the Subject Real Property. The Net Proceeds shall be wired from escrow directly to an interest-bearing account to be designated by the government, where such funds shall be held pending resolution of this criminal forfeiture case. The government shall provide wiring instructions directly to the escrow company handling the sale of the Subject Real Property. Upon delivery of the net proceeds to the interest-bearing account, the government shall notify the parties and the Court of the amount that has been deposited as the substitute res by filing a notice with the Court.

11. Defendant represents and warrants that he has not received, and shall not receive any compensation or consideration from the buyer(s) of the Subject Real Property or anyone else outside of the escrow described above in connection with the sale of the Subject Real Property, and further represent that all payment for such sale shall be made in accordance with the escrow

5

1 | instructions, a full copy of which shall be provided to government
2 | counsel.
3 |     12.  The parties to this Stipulation agree to execute any and
4 | all documents necessary to consummate the sale of the Subject Real
5 | Property, to convey clear title of the Subject Real Property to the
6 | buyer, and to further implement the terms of the Order for
7 | Interlocutory Sale.
8 | //
9 | //

13. The Court shall retain jurisdiction over the Subject Real Property to effectuate the terms of the sale and resolve any issues or disputes that may arise regarding the interlocutory sale of the Subject Real Property.

IT IS SO STIPULATED.

DATED: June 21, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

GLENN S. LEON
Chief, Fraud Section
U.S. Department of Justice

/s/
THEODORE M. KNELLER
Trial Attorney, Fraud Section
U.S. Department of Justice

JAMES C. HUGHES
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: 06/08/2024

*Benjamin P. Lechman*
BENJAMIN P. LECHMAN
Attorney for Defendant
VINCENT ANTHONY MAZZOTTA, JR.

DATED: 6-7-24

*[signature]*
VINCENT ANTHONY MAZZOTTA, JR.
Defendant

**EXHIBIT A**

LEGAL DESCRIPTION

THE LAND HEREINAFTER REFERRED TO IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

    LOT 20 IN BLOCK 13 OF TRACT NO. 6450, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 74, PAGE(S) 84 TO 90 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

    ASSESSOR'S PARCEL NUMBER 5583-003-013