UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:22-CR-276-DSF(A)-2 |
|---|---|
| Plaintiff, | **ORDER FOR INTERLOCUTORY SALE** |
| v. | |
| VINCENT ANTHONY MAZZOTTA, JR., | |
| Defendant. | |

For good cause appearing, and upon the parties' stipulation, it is hereby ORDERED as follows:

1. The real property located at 6075 Rodgerton Drive, Los Angeles, California 90068 with Assessor Parcel Number 5583-003-013, as described more particularly in Exhibit A of the parties' stipulation ("Subject Real Property"), shall be sold according to the terms of the parties' stipulation.

2. Within sixty (60) days of the entry of an Order for Interlocutory Sale, the defendant ("Titleholder") will enter into a contract to retain a real estate broker licensed by the State of California ("Licensed Broker") to sell the Subject Real Property for a price to be agreed upon by the parties hereto.

3. In connection with the sale of the Subject Real Property, the parties hereto shall agree on a licensed and qualified escrow agent ("Realty Escrow Agent"). The Titleholder shall enter into a contract with the Realty Escrow Agent on terms approved by the government. The Realty Escrow Agent shall be required to carry insurance sufficient to indemnify the United States and the Titleholder as named insureds for any and all losses including, but not limited to professional liability, fidelity, and errors and omissions for all funds accepted by the Realty Escrow Agent. The Realty Escrow Agent's contract shall also prohibit the Realty Escrow Agent from disbursing any funds relating to or derived from the sale of the Subject Real Property unless explicitly authorized by (a) this Order, or (b) a writing signed by undersigned counsel for the parties. Any and all proceeds from the sale of the real property shall be disposed of in accordance with the terms set out in this Order.

4. If after ninety (90) days from the entry of the Order for Interlocutory Sale, the Subject Real Property has not been sold, the parties hereto shall meet and confer regarding the Titleholder's progress in marketing and selling the Subject Real Property, and, if necessary, schedule a status conference with the Court to review these issues.

5. Until the Subject Real Property is sold and escrow on such sale is closed, the Titleholder shall not take any action to affect adversely the condition or marketability of the Subject Real Property, and will maintain the property in substantially the same condition as it is on the date the Order for Interlocutory Sale is entered. The Titleholder shall not pledge or otherwise encumber the

Subject Real Property, and shall maintain appropriate policies of insurance on the Subject Real Property, including policies covering potential liability for personal injury or property damage occurring on or around the Subject Real Property.

6.  Within thirty (30) days of the entry of this Order for Interlocutory Sale, the Titleholder shall cause the government to be added as a named insured on all such policies. All costs of maintenance and repair of the Subject Real Property prior to its sale shall be borne by the Titleholder, who also shall ensure that all property and other taxes are paid when due. The Titleholder shall not commit waste of the Subject Real Property, or permit the Subject Real Property to be used or occupied in any manner that is likely to diminish its value or invalidate any insurance policy on the property. The Titleholder shall promptly provide to government counsel or their designee proof of payment of any federal, state, or local taxes upon request.

7.  The proceeds of the sale of the Subject Real Property shall be distributed as follows:

    a.  First, payment of all outstanding real property taxes to the Los Angeles County Treasurer-Tax Collector to the date of closing of escrow;

    b.  Second, all costs and expenses of the sale, including but not limited to, any fees or costs provided for in the escrow instructions for the sale of the Subject Real Property;

    c.  Third, to the extent funds remain, payment of all outstanding secured liens on the Subject Real Property, in order of priority;

        d.    Fourth, to the extent funds remain ("Net Proceeds"), the parties hereto agree that the Net Proceeds shall constitute the substitute res in place of the Subject Real Property. The Net Proceeds shall be wired from escrow directly to an interest-bearing account to be designated by the government, where such funds shall be held pending resolution of this criminal forfeiture case. The government shall provide wiring instructions directly to the escrow company handling the sale of the Subject Real Property. Upon delivery of the net proceeds to the interest-bearing account, the government shall notify the parties and the Court of the amount that has been deposited as the substitute res by filing a notice with the Court.

    8.    Defendant shall not receive any compensation or consideration from the buyer(s) of the Subject Real Property or anyone else outside of the escrow described above in connection with the sale of the Subject Real Property, and all payment for such sale shall be made in accordance with the escrow instructions, a full copy of which shall be provided to government counsel.

    9.    The parties shall execute any and all documents necessary to consummate the sale of the Subject Real Property, to convey clear title of the Subject Real Property to the buyer, and to further implement the terms of the Order for Interlocutory Sale.

////

////

////

10. The Court shall retain jurisdiction over the Subject Real Property to effectuate the terms of the sale and resolve any issues or disputes that may arise regarding the interlocutory sale of the Subject Real Property.

IT IS SO ORDERED.

June 25, 2024
DATE

HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
THEODORE M. KNELLER
Trial Attorney, Fraud Section
Criminal Division
U.S. Department of Justice

5